IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIANA CASTILLO, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. _____ |
| STATE FARM LLOYDS AND TODD LAYMAN, | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants State Farm Lloyds ("State Farm") and Todd Layman ("Layman") file this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, on the basis of diversity of citizenship and amount in controversy and respectfully show:

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

1.1    On May 31, 2016, Plaintiff Adriana Castillo filed her Original Petition in the matter styled *Adriana Castillo v. State Farm Lloyds and Todd Layman*, Cause No. DC-16-06507, in the 298th Judicial District Court of Dallas County, Texas. The lawsuit arises out of a claim Plaintiff made for damages to her property under an insurance policy issued by State Farm Lloyds.

1.2    Plaintiff served State Farm with a copy of the Original Petition on or about June 21, 2016.

1.3    Plaintiff served Layman with a copy of the Original Petition on or about June 25, 2016.

1.4     Defendants file this Notice of Removal within 30 days of receiving Plaintiff's pleading. *See* 28 U.S.C. §1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

1.5     All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

1.6     As required by 28 U.S.C. § 1446(a), and Rule 81.1 of the Local Rules for the United States District Court of the Northern District of Texas, being filed simultaneously with the filing of this Notice of Removal is an Index of State Court Documents, which is attached hereto as Exhibit "A." A copy of the District Clerk's Case Summary Sheet is attached hereto as Exhibit "B." A copy of the Civil Case Information Sheet is attached hereto as Exhibit "C." A copy of Plaintiff's Original Petition is attached hereto as Exhibit "D." A copy of the Citation to State Farm is attached hereto as Exhibit "E" and a copy of the Return of Service for State Farm Lloyds is attached hereto as Exhibit "F." A copy of the Citation to Layman is attached hereto as Exhibit "G" and a copy of the Return of Service for Layman is attached hereto as Exhibit "H." A copy of Defendants' Original Answer to Plaintiff's Original Petition is attached as Exhibit "I." Also included with this filing are Defendants State Farm Lloyds and Todd Layman's Certificate of Interested Persons, which is attached hereto as Exhibit "J," and a Supplemental Civil Cover Sheet.

1.7     Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embrace Dallas County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

**DEFENDANTS' NOTICE OF REMOVAL – PAGE 2**
2503363v1
10578.215

## II.
## BASIS FOR REMOVAL

2.1    Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a) and 1446.

**A.    The Proper Parties Are Of Diverse Citizenship.**

2.2    Plaintiff is, and was at the time the lawsuit was filed, a Texas resident who resides in Dallas County, Texas. *See* Pl's Original Pet. ¶ 2, attached hereto as Exhibit "D."

2.3    Defendant State Farm Lloyds, is, and was at the time the lawsuit was filed, a citizen of the State of Illinois. State Farm Lloyds is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an association of underwriters, each of whom, at the time this action was commenced were, and still are, citizens and residents of the state of Illinois. Therefore, State Farm Lloyds is a citizen and resident of the state of Illinois for diversity purposes. *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyd's Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998 ("the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters."); *Rappaport v. State Farm Lloyd's*, 1998 WL 249211 (N.D. Tex. 1998) (finding that State Farm Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff, and denying remand).

2.4    Defendant Layman is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas. With respect to the claims against Layman, it is State Farm and Layman's position that he has been fraudulently joined in this action. Therefore, the Texas citizenship of Layman should be disregarded for the purposes of evaluating diversity in this matter.

2.5     When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

2.6     Here, Plaintiff asserts generic claims against Layman for violations of the Texas Insurance Code. *See* Pl's Original Pet. pgs. 7-9, attached hereto as Exhibit "D." Based on Plaintiff's pleading, there is no basis for predicting that Plaintiff might be able to establish liability against Layman because no real facts relating to him have been set forth. Plaintiff's claims against Layman consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007). *See also Ashcroft v Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). As such, Plaintiff cannot "establish a cause of action against [Boring] in state court." *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zurich American Ins. Co.,* Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.). There is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Layman, and his presence should be disregarded in determining diversity jurisdiction.

2.7     Because Plaintiff is a citizen of Texas and Defendant State Farm is a citizen of Illinois, complete diversity of citizenship exists among the proper parties.

B.   **The Amount in Controversy Exceeds $75,000.00.**

2.8   This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff's Petition expressly alleges that "Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000." *See* Exhibit D, p. 2.  Thus, the express allegations in the Petition exceed the amount in controversy threshold of $75,000.00.

### III.
### CONCLUSION & PRAYER

All requirements are met for removal under 28 U.S.C. §§ 1332, 1441, and 1446. Accordingly, Defendants State Farm Lloyds and Todd Layman hereby remove this case to this Court for trial and determination.

> Respectfully submitted,
>
> /s/ Rhonda J. Thompson
> Rhonda J. Thompson
> State Bar No. 24029862
> Lindsey Shine Lawrence
> State Bar No. 24053681
>
> **THOMPSON, COE, COUSINS & IRONS, L.L.P.**
> 700 N. Pearl Street, 25th Floor
> Dallas, Texas 75201
> Telephone: (214) 871-8200
> Facsimile: (214) 871-8209
> Email:  rthompson@thompsoncoe.com
> Email:  llawrence@thompsoncoe.com
>
> **COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

    This is to certify that on the 20th day of July 2016, a true and correct copy of the foregoing was delivered to the following counsel of record by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

Samantha Fenwick
Arguello, Hope & Associates, PLLC
1110 Nasa Parkway, Suite 620
Houston, Texas  77058
  *Counsel for Plaintiff*

               /s/ Rhonda J. Thompson
               Rhonda J. Thompson