2 CT-MAIL, ATTY

FILED
DALLAS COUNTY
5/31/2016 10:14:08 AM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

CAUSE NO. DC-16-06507

| ADRIANA CASTILLO, | § | IN THE DISTRICT COURT OF |
| --- | --- | --- |
| Plaintiff, | § | |
| v. | § | |
| STATE FARM LLOYDS AND TODD LAYMAN, | § | DALLAS COUNTY, TEXAS, |
| Defendants. | § | M-298TH TH JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Adriana Castillo, ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of State Farm Lloyds ("State Farm") and Todd Layman ("Layman"), collectively ("Defendants"), and for causes of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure and request the Court enter a Level 2 Discovery Plan.

### PARTIES

2. Plaintiff Adriana Castillo is an individual residing in Dallas County, Texas.

3. Defendant State Farm is a domestic insurance company engaged in the business of insurance in Texas, with its principal office located in Richardson, Texas. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant.



DEFENDANT'S EXHIBIT

State Farm may be served through its registered agent: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4. Defendant Layman is an individual residing in the state of Texas. Further, this defendant is engaged in adjusting insurance claims in the state of Texas. The causes of action asserted arose from, or are connected with, purposeful acts committed by Defendant. Upon information and belief, this Defendant may be served at 207 Squirrel Run, Argyle, Texas 76226, or wherever he may be found.

## JURISDICTION

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

6. The Court has jurisdiction over Defendant State Farm because this defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

7. The Court has jurisdiction over Defendant Layman because this defendant resides in Texas and Plaintiff's causes of action arise out of his defendant's business activities in the State of Texas.

## VENUE

8. Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9. Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm and numbered 93CQU0788.

10. Plaintiff owns the insured property, which is specifically located at 607 Royal Crest Drive, Mesquite, Texas 75149, in Dallas County (hereinafter referred to as "the Property").

11. State Farm sold the Policy insuring the Property to Plaintiff.

12. On or about May 10, 2015, a hail storm and/or windstorm struck Dallas County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence ("the Storm"). Specifically, Plaintiff's composition shingle roof and its components sustained extensive damage during the storm. Plaintiff's home also sustained exterior damage during the storm, including damage to the trim board, fascia, soffit, window screens, brick, storage sged, and storm shelter. Plaintiff filed a claim, in accordance with the terms of the Policy, with their insurance company, State Farm, for the damages to their home caused by the Storm.

13. Plaintiff submitted a claim to State Farm against the Policy as referenced in paragraph 9 above, for Roof Damage, Structural Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm, which was designated as claim no. 43679M559.

14. Plaintiff asked that State Farm cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and its accompanying components, and repair and/or replacement of the trim board, fascia, soffit, window screens, brick, storage shed, and storm shelter of the Property, pursuant to the Policy.

15. Defendant State Farm assigned an adjuster, Defendant Todd Layman, to adjust the claim. This adjuster was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiff's claim. Specifically, this adjuster conducted a substandard inspection of Plaintiff's property.

16. The inadequacy of Defendant Layman's inspection is evidenced by the fact that the report of July 2, 2015, in which said adjuster failed to account for the entirety of the damages to the roof and to the exterior of the home during the covered loss on the aforementioned date.

17. Defendant State Farm failed to adequately train and supervise this adjuster resulting in the unreasonable investigation and improper handling of Plaintiff's claim. Moreover, State Farm failed to thoroughly review and properly oversee the work of Defendant Layman, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim. As a result of Defendant State Farm's wrongful acts and omissions set forth above and further described herein, Plaintiff's claims have not been paid causing her to suffer damages.

18. Defendant State Farm has failed to provide coverage for the damages sustained by Plaintiff and improperly refused to pay Plaintiff's claim. As a result of Defendant State Farm's unreasonable investigation, Plaintiff's claim was improperly adjusted and not paid in full. The mishandling of Plaintiffs' claim has caused a delay in Plaintiff's ability to fully repair her Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment she is entitled to under the Policy.

19. As detailed in the paragraphs below, Defendant State Farm wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

20. To date, Defendant State Farm continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to her home.

21. Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it has refused to pay the full amount of proceeds due under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiff.

22. Defendant State Farm failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. State Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a) (2)(A).

23. Defendant State Farm failed to explain to Plaintiff the reasons for its refusal to pay Plaintiff's claim. Specifically, State Farm failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, State Farm did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The conduct of State Farm is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

24. Defendant State Farm failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff has yet to receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from State Farm. The conduct of State Farm constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

25. Defendant State Farm refused to fully compensate Plaintiff, under the terms of the Policy, even though State Farm failed to conduct a reasonable investigation. Specifically, State Farm performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conduct of State Farm constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

26. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

27. Defendant State Farm failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

28. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, as of the date of the filing of this petition, Plaintiff has not received full payment for her claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

29. From and after the time Plaintiff's claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was

reasonably clear. However, State Farm has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Plaintiff's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30. As a result of Defendant State Farm's and Defendant Layman's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT LAYMAN:
**NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES**

31. During his investigation, Defendant Layman failed to properly assess Plaintiff's Storm damages. Specifically, during his inspection, Layman spent an inadequate time scoping for damages.

32. Defendant State Farm knew or should have known that Defendant Layman lacked the knowledge and experience to adequately investigate claims of this nature.

33. Defendant Layman's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

34. Defendant Layman is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Defendant State Farm because Layman is a "person" as defined by Tex. Ins. Code §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE

§541.002(2) (emphasis added). *See also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

35. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Layman's unfair settlement practices, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36. Defendant Layman's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant State Farm's liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37. Defendant Layman failed to explain to Plaintiff the reasons for his offer of an inadequate settlement. Specifically, Defendant Layman failed to offer Plaintiff adequate compensation

without proper explanation as to why full payment was not being made. Furthermore, Defendant Layman did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendant Layman as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

38. Defendant Layman did not adequately explain what damages were not being covered under the estimate. Defendant Layman's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

39. Defendant Layman did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior damages, although reported by Plaintiff to Defendant State Farm. Defendant Layman's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

## CAUSES OF ACTION AGAINST DEFENDANT STATE FARM:

40. Defendant State Farm is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

41. Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiff.

42. Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

43. Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

44. Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

45. Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Imperial's liability under the Policy was reasonably clear, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

46. Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

47. Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

48. Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

49. Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

50. Defendant State Farm's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as

described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

51. Defendant State Farm's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

52. Defendant State Farm's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

53. As referenced and described above, and further conduct throughout this litigation and lawsuit, Defendant Layman is an agent of Defendant State Farm based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

54. Separately, and/or in the alternative, as referenced and described above, Defendant State Farm ratified the actions and conduct of Defendant Layman including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

55. Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

56. "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from

Texas law, which recognizes that a special relationship exists as a result of Plaintiff's (the policyholders) and State Farm's (the insurer) unequal bargaining power. Part of this unequal bargaining power results from the fact that State Farm, like other insurers, controls entirely the evaluation, processing and denial of claims.

57. At the time of Defendant Layman's inspection and/or investigation, upon which Defendant State Farm relied entirely for its investigation, evaluation, and settling of Plaintiff's claim, State Farm wrongfully denied Plaintiff's losses. By not accounting for the full extent of the covered damages, State Farm did not inspect and evaluate Plaintiff's home as if it were its own home. State Farm's investigation and evaluation was not reasonable, thus, State Farm lacked a reasonable basis for denying or only partially including payment for Plaintiff's covered damages. State Farm's overall conduct in handling Plaintiff's claim was not reasonable.

58. Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

59. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

60. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

61. As previously mentioned, the damages caused by the May 10, 2015 hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants State Farm's and Defendant Layman's mishandling of Plaintiff's claim in violation of the laws set forth above.

62. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of this claim, together with attorney's fees.

63. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. TEX. INS. CODE §541.152.

64. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

65. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

66. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney

in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## REQUESTS FOR DISCLOSURE

67. Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests Defendant State Farm, and Defendant Layman disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**

By: /s/ *Samantha Fenwick*
Samantha Fenwick
State Bar of Texas Number: 24097682
1110 Nasa Parkway, Suite 620
Houston, Texas 77058
Telephone: (281) 532-5529
Facsimile: (281) 402-3534
Email: Samantha@simplyjustice.com
*ATTORNEYS FOR PLAINTIFF*
*ADRIANA CASTILLO*

Page 15

STATE OF TEXAS }
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears on record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this 19th day of July, A.D., 2016.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By Cecelia Flowers, Deputy